**FILED**
**September 20, 2022**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Terri Bradshaw and Shane Shilling,**
**Petitioners**

**vs.) No. 21-0556** (Pocahontas County 19-C-30 and 19-C-37)

**Joel D. Rosenthal, in his individual capacity and as**
**Trustee for the Joel D. Rosenthal Revocable Living Trust U/A/D,**
**and as President & Chairman of the**
**Board of Directors of Point of View Farm, Inc.,**
**Respondent**[1]

**MEMORANDUM DECISION**

Self-represented Petitioners Terri Bradshaw and Shane Shilling appeal the June 16, 2021, judgment order of the Circuit Court of Pocahontas County finding in respondent's favor following a bench trial in two consolidated cases.[2] In Pocahontas County Case No. 19-C-30, the circuit court found that Petitioner Terri Bradshaw did not prove her initial breach of contract claim that she had an ownership interest in the real property known as 5207 Denmar Road. The circuit court further found that Petitioner Terri Bradshaw failed to prove her additional breach of contract claim that she and respondent had a separate agreement pursuant to which Petitioner Terri Bradshaw could conduct her own wildlife rescue in perpetuity as a part of respondent's larger operation. Finally, in Case No. 19-C-30, the circuit court determined that petitioners did not prove their claims of unjust enrichment regarding the construction of the house on the real property. In Pocahontas County Case No. 19-C-37, the circuit court awarded respondent possession of 5207 Denmar Road and ordered that petitioners vacate the real property by midnight on June 30, 2021. The circuit court further awarded respondent a judgment in the amount of $1,250 for petitioners' occupancy of the real property, with post-judgment interest of 4% per year. Self-represented Respondent Joel

---

[1]Petitioners were the plaintiffs in Pocahontas County Case No. 19-C-30 and the defendants in Pocahontas County Case No. 19-C-37. Respondent was the defendant in Case No. 19-C-30 and the plaintiff in Case No. 19-C-37.

[2]Petitioner Terri Bradshaw and Petitioner Shane Shilling are engaged to each other. They jointly filed their appeal from the circuit court's June 16, 2021, order on July 13, 2021.

1

D. Rosenthal filed a response in support of the circuit court's order.[3] Petitioners filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

At the time of trial, petitioners and respondent were residents of Pocahontas County. Around 2009, Petitioner Terri Bradshaw and respondent became acquainted due to a mutual interest in wildlife rescue. At that time, Petitioner Terri Bradshaw lived in Charleston, West Virginia, and respondent was conducting wildlife rescue operations in Pocahontas County.

Respondent serves as president and sole director of Point of View Farm, Inc. ("POV Farm"), a Maryland non-profit corporation authorized to do business in West Virginia. POV Farm owns real property in Pocahontas County, on which it operates a wildlife sanctuary pursuant to an agreement with the West Virginia Division of Natural Resources. POV Farm regularly uses the services of volunteers in its operation.

Respondent is also the sole trustee of the Joel D. Rosenthal Revocable Living Trust U/A/D ("the trust") which he established as a part of his estate planning. As trustee, respondent has the authority to enter into contracts on behalf of the trust, including contracts involving property owned by the trust. Relevant here, the trust holds title to the real property known as 5207 Denmar Road, comprising 88.55 acres of land, located on the other side of the Greenbrier River from the property on which POV Farm runs its wildlife sanctuary.

From 2009 to 2016, Petitioner Terri Bradshaw would periodically travel to Pocahontas County to volunteer at POV Farm's wildlife sanctuary. In the summer of 2016, Petitioner Terri Bradshaw went to Pocahontas County to oversee POV Farm's operation while respondent was in the hospital. At a July 15, 2016, special board of directors meeting, POV Farm appointed Petitioner Terri Bradshaw as its volunteer executive director and designated her as respondent's successor as president and chairperson of its board of directors upon respondent's death or total disability. Petitioner Terri Bradshaw's appointment as POV Farm's volunteer executive director and her designation as respondent's successor were not irrevocable as, pursuant to the bylaws of POV Farm, any of its officers or agents could be removed and vacancies in the office of POV Farm's president could be filled by a vote of the board of directors.

---

[3]Pursuant to Syllabus Point 7 of *Estate of Gomez by and Through Gomez v. Smith*, 243 W. Va. 491, 845 S.E.2d 266 (2020), it constitutes the unauthorized practice of law for a self-represented litigant to represent other entities in judicial proceedings. Accordingly, we interpret respondent's response as raising arguments in his individual capacity and not on behalf of those entities that he controls.

Also at the July 15, 2016, meeting, POV Farm offered to make housing accommodations available to Petitioner Terri Bradshaw to facilitate her presence in Pocahontas County. Petitioner Terri Bradshaw declined the offer to reside on POV Farm's property because it was accessible from the public road only by crossing the Greenbrier River at a place where there was no bridge. Petitioner Terri Bradshaw felt that crossing the river would be problematic for her children when water levels were high. Accordingly, petitioners explored other housing options for their family in Pocahontas County.

In 2017, respondent offered to have a house constructed on the trust's property—not POV Farm's property—at 5207 Denmar Road. Respondent offered to allow petitioners to live in the home, as an inducement for Petitioner Terri Bradshaw's relocation to Pocahontas County on a full-time basis, so that she could continue to volunteer as POV Farm's executive director. Respondent told petitioners that he would pay all costs associated with the home's construction, including materials and labor. However, the provision of a house for petitioners was contingent upon Petitioner Terri Bradshaw's continued association with POV Farm. Petitioners accepted respondent's offer.

Petitioners moved into the house at 5207 Denmar Road prior to its completion in August of 2018. Respondent wanted a contractor to build the house, and he paid for the contractor and the materials used. However, Petitioner Shane Shilling and, to a lesser extent, Petitioner Terri Bradshaw assisted in the house's construction, without compensation.[4]

Petitioner Terri Bradshaw and respondent subsequently began disagreeing as to the conduct of POV Farm's wildlife rescue operations. At a June 28, 2019, board of directors meeting of POV Farm, where respondent was the sole director, POV Farm terminated Petitioner Terri Bradshaw as its executive director. As of June 28, 2019, Petitioner Terri Bradshaw was no longer associated with POV Farm in any capacity. Accordingly, pursuant to the parties' agreement, petitioners were no longer entitled to live in the house at 5207 Denmar Road.

The parties filed actions against each other in the Circuit Court of Pocahontas County.[5] In petitioners' action against respondent, Case No. 19-C-30, Petitioner Terri Bradshaw initially alleged that the parties' agreement regarding 5207 Denmar Road was that respondent would not only have a house built on the real property for petitioners but would also make Petitioner Terri Bradshaw a co-owner of the real property in exchange for Petitioner Terri Bradshaw's relocation to Pocahontas County on a full-time basis. In an additional breach of contract claim, Petitioner Terri Bradshaw alleged that she and respondent had a separate agreement, pursuant to which

---

[4] At trial, the contractor testified that he and his workers withdrew from the house's construction, and that respondent released them from their contract, due to disagreements the contractor was having with Petitioner Terri Bradshaw about the construction. The contractor further testified that, at the time of the withdrawal, "our portion was about 85 . . . , maybe 90 [percent complete]."

[5] According to petitioners, the circuit court consolidated the parties' actions by an agreed order.

3

Petitioner Terri Bradshaw could conduct her own wildlife rescue in perpetuity as a part of POV Farm's operations. Finally, petitioners asserted an unjust enrichment claim alleging that their efforts to aid in the construction of the home at 5207 Denmar Road enhanced the value of the real property.[6] In Case No. 19-C-37, respondent filed an ejectment action against petitioners seeking possession of the real property.

Prior to trial, the parties agreed that Petitioner Terri Bradshaw could seek specific performance of any contract she alleged as a part of Case No. 19-C-30 and that, in Case No. 19-C-37, respondent could seek lost rents or damages as a result of petitioners' occupancy of the real property. The parties further agreed that the circuit court could hear all issues in a bench trial and that the trial could be held by remote technology due to the COVID-19 pandemic. The parties also jointly submitted ninety-eight pre-marked exhibits that they indicated they intended to introduce at the trial. The circuit court, in a pretrial order entered on August 24, 2020, ruled that, pursuant to the parties' joint stipulation, the exhibits were "authentic and admissible" and that each party "may offer any of these exhibits into evidence at trial."

The circuit court held the trial on September 2 and 3, 2020, during which the parties were represented by counsel. The parties testified in support of their respective claims, presented the testimony of additional witnesses, and introduced evidence from the list of joint exhibits. The circuit court, by a judgment order entered on June 16, 2021, ruled in respondent's favor. The circuit court found that Petitioner Terri Bradshaw did not prove her initial breach of contract claim that she had an ownership interest in the real property known at 5207 Denmar Road. The circuit court determined that Petitioner Terri Bradshaw also failed to prove her additional breach of contract claim that she and respondent had a separate agreement pursuant to which Petitioner Terri Bradshaw could conduct her own wildlife rescue in perpetuity as a part of POV Farm's operation. The circuit court further found that petitioners did not prove their claims of unjust enrichment regarding the construction of the house on the real property. The circuit court awarded respondent possession of 5207 Denmar Road and ordered that petitioners vacate the real property by midnight on June 30, 2021.[7] The circuit court further awarded respondent a judgment in the amount of $1,250 for petitioners' occupancy of the real property, with post-judgment interest of 4% per year.

Petitioner now appeals the circuit court's June 16, 2021, judgment order in respondent's favor. We apply the following standard for reviewing an order entered after a bench trial:

In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo*

---

[6]In Case No. 19-C-30, Petitioner Terri Bradshaw also asserted a defamation claim against respondent. However, Petitioner Terri Bradshaw withdrew that claim at the beginning of the trial.

[7]Petitioners indicate that they complied with the circuit court's directive that they vacate the real property.

review.

Syl. Pt. 1, *Pub. Citizen, Inc. v. First Nat'l Bank in Fairmont*, 198 W. Va. 329, 480 S.E.2d 538 (1996).

On appeal, petitioners argue that the circuit court erred in ruling in respondent's favor on all of the parties' respective claims. Respondent counters that the circuit court properly awarded him judgment. Respondent further argues that this Court should dismiss petitioners' appeal pursuant to Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, which provides, in pertinent part:

> *Argument:* The brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The . . . Supreme Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Based upon our review of petitioners' brief, we find that it fails to set forth any assignments of error and that, although petitioners argue that the circuit court's judgment was erroneous, they fail to offer any legal analysis of the parties' various claims. In fact, petitioners fail to cite any legal authority whatsoever in both their brief and their reply to respondent's response. Accordingly, pursuant to Rule 10(c)(7), we decline to review the list of alleged errors petitioners include in the reply. *State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996) ("Although we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal."); *State v. Lilly*, 194 W. Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995) (finding that cursory treatment of an issue is insufficient to raise it on appeal).

However, "[w]hen a litigant chooses to represent [her]self, it is the duty of the trial court [and this Court] to insure fairness, allowing reasonable accommodations for the [self-represented] litigant so long as no harm is done an adverse party[.]" *State ex rel. Dillon v. Egnor*, 188 W. Va. 221, 227, 423 S.E.2d 624, 630 (1992) (internal quotations and citations omitted). Therefore, we reject respondent's argument that petitioners' appeal should be dismissed as we are able to discern that petitioners raise three procedural and/or evidentiary issues and also challenge the circuit court's weighing of the evidence in this case. Because petitioners raised those four issues with enough clarity that respondent was able to respond to them, we will address them herein. *See Franklin v. Pence*, 128 W. Va. 353, 356, 36 S.E.2d 505, 508 (1945) (recognizing that the assignments of error were general in nature making it "difficult to determine the exact points relied upon for reversal[,]" and causing the Court to rely upon "statements in the brief" that were "considered as indicating the main grounds of attack upon the judgment").

Initially, petitioners question the circuit court judge's impartiality. As reflected in an order

entered on July 26, 2019, the circuit court judge advised the parties of the legal work he performed for respondent "a number of years ago," prior to becoming a judge, and informed them that the judge believed that his prior work on respondent's behalf in a non-litigation matter, unrelated to the parties' dispute, would not affect his ability to preside over this case. In its July 26, 2019, order, the circuit court noted that, upon the judge's disclosure to the parties, "[n]either [petitioners] nor [respondent] objected to the undersigned judge continuing to preside with regard to this action." Therefore, we conclude that petitioners waived this issue. *See State v. Berry*, 227 W. Va. 221, 224, 707 S.E.2d 831, 834 (2011) (finding that the issue of disqualification of the trial judge was waived because it was raised for the first time on appeal).

For similar reasons, we find that petitioners also waived the admission of two of the three audio recordings that comprise joint exhibit ninety-eight. As it ruled in its pretrial order, the circuit court ruled at trial that the parties' stipulation regarding the joint exhibits made those exhibits "admissible" but that each exhibit would not be admitted into evidence unless and until a party introduced it. At the end of the trial, the circuit court asked the parties if they wanted all exhibits not previously introduced admitted into evidence. Respondent responded that he wanted all such documentary exhibits admitted but noted that petitioners introduced only one of the three audio recordings comprising joint exhibit ninety-eight into evidence.[8] Accordingly, respondent argued that the two other audio recordings were not in evidence. Petitioners made no objection to respondent's argument. Therefore, the circuit court directed petitioners to put the one recording that was played to the court into the format preferred by the circuit clerk's office so that it could be made a part of the official record. Petitioners stated that they would comply with the circuit court's directive and did not move to admit the two other recordings into evidence.

Petitioners now argue that the circuit court erred in not admitting the two other audio recordings into evidence. However, "[o]ne of the most familiar procedural rubrics in the administration of justice is the rule that the failure of a litigant to assert a right in the trial court likely will result in the imposition of a procedural bar to an appeal of that issue." *State v. Miller*, 194 W. Va. 3, 17, 459 S.E.2d 114, 128 (1995) (internal quotations and citations omitted). "When a litigant deems himself or herself aggrieved by what he or she considers to be an important occurrence in the course of a trial or an erroneous ruling by a trial court, he or she ordinarily must object then and there or forfeit any right to complain at a later time." *LaRock*, 196 W. Va. at 316, 470 S.E.2d at 635. Therefore, because petitioners failed (1) to introduce the two other recordings into evidence when given the opportunity to do so at the end of the trial and (2) to object to respondent's argument that the two other recordings were not in evidence, we conclude that petitioners cannot now complain that the circuit court erred in not admitting the two other audio recordings.

The last procedural and/or evidentiary issue petitioners raise involves the trial transcript. Petitioners argue that the circuit court erred in not allowing them to review the audio recordings of the trial based upon their contention that the transcript contained inaccuracies. The circuit court did not permit petitioners to review the recordings but held a post-trial hearing at which they were

---

[8] The three audio recordings are of telephone conversations between Petitioner Terri Bradshaw and respondent.

able to point out any perceived errors in the transcript. Thereafter, by order entered on September 3, 2021, the circuit court directed the court reporter to recheck the trial transcript for accuracy. Petitioners do not allege that the court reporter failed to comply with the circuit court's directive. However, petitioners argue that the circuit court should have allowed them access to the audio recordings so that they could prove themselves "right or wrong." We have held that, "[a]bsent a few exceptions, this Court will review evidentiary and procedural rulings of the circuit court under an abuse of discretion standard." Syl. Pt. 1, in part, *McDougal v. McCammon*, 193 W. Va. 229, 455 S.E.2d 788 (1995). We conclude that the manner in which the circuit court addressed petitioners' concerns about the trial transcript did not constitute an abuse of discretion.

With regard to the circuit court's weighing of the evidence in this case, we have stated that "[a]n appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995). Rule 52(a) of the West Virginia Rules of Civil Procedure provides, in pertinent part, that, when a court sits without a jury, "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." In its order awarding judgment to respondent, the circuit court twice found that petitioners' testimony and/or documentary evidence were not credible. Pursuant to *Guthrie* and Rule 52(b), the credibility of petitioners' evidence and the weighing of the evidence in general are issues for the trier of fact—not this Court. Accordingly, based upon our review of the record, including the trial transcript and the one audio recording that was played to the circuit court, we conclude that there is no cause to disturb the judgment in respondent's favor.

For the foregoing reasons, we affirm the circuit court's June 16, 2021, order awarding judgment to respondent.

Affirmed.

**ISSUED:** September 20, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn